## MEYER LAMINATES (SE), INC.

### v.

## PRIMAVERA DISTRIBUTING, INC.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

Oct. 29, 2007 Session.

Jan. 18, 2008.

Permission to Appeal Denied by
Supreme Court Aug. 25, 2008.

Elisabeth B. Donnovin, Chattanooga, Tennessee, for the Appellant, Primavera Distributing, Inc.

Cynthia D. Hall, Chattanooga, Tennessee, for the Appellee, Meyer Laminates (SE), Inc.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

The plaintiff brought this action for the unpaid purchase price of goods sold and delivered to the defendant. The defendant failed to timely respond to plaintiff's discovery requests, including a request for admission, and failed to comply with the trial court's order compelling its discovery

response. The trial court held that the matters plaintiff sought to have admitted in its discovery request were conclusively admitted pursuant to Tenn. R. Civ. P. 36 and further deemed the matters established as a sanction for failure to comply with its order under Tenn. R. Civ. P. 37. We find no abuse of discretion in the trial court's judgment sanctioning defendant under Rule 37 and consequently affirm the trial court's grant of summary judgment in plaintiff's favor.

## I. Background

Meyer Laminates (SE), Inc. ("Meyer") filed its complaint in this action against Primavera Distributing, Inc. ("Primavera"), on March 9, 2004, alleging that Primavera owed Meyer $373,777.44 for flooring materials purchased by Primavera from Meyer. On or about March 12, 2004, Meyer delivered discovery requests to Primavera, consisting of requests for admissions, interrogatories, and requests for production of documents.

Primavera filed its answer and counterclaim on April 28, 2004, and on the same day filed a motion requesting an additional 30 days to serve responses to Meyer's discovery requests. There is no indication in the record that this motion was heard or ruled upon by the trial court, but the affidavit of Meyer's counsel attests that "we voluntarily granted Primavera's attorney the additional time to respond." On August 30, 2004, the parties agreed to put the case "on hold" while settlement negotiations took place. After those negotiations ultimately proved unfruitful, Meyer filed its answer to Primavera's counterclaim on June 7, 2005.

On October 31, 2005, counsel for Meyer sent Primavera's counsel[1] a second set of interrogatories along with a letter that stated as follows in relevant part:

> I have enclosed a second set of interrogatories limited to the current location of the flooring and the price received if sold. I hope that your client will answer these as soon as possible so that we can discuss settlement of this matter. Further, we have discovery to your client which has been outstanding for more than a year and a half. These include Requests for Admissions which, unless I have missed your response, have been deemed admitted. Please get the remainder of these responses to us immediately.

On December 27, 2005, Meyer's counsel sent a second letter to Primavera's counsel, stating:

> On October 31, 2005, we served upon you a second set of Interrogatories.

> We have not received a response to these Interrogatories nor to the original set of discovery served on you almost two years ago.

> I do not know why this case continues to drag on but it would seem to benefit all parties if we could get it moving and concluded. Thus, please respond to all outstanding discovery immediately. If I have not received a response from you by next **Wednesday, January 5, 2006,** I will file a Motion to Compel.

Meyer filed a motion to compel discovery responses on March 2, 2006. The motion to compel was heard by the trial court on March 13, 2006, at which time the trial court ordered Primavera to respond within ten days (by March 23, 2006) to Meyer's first combined request for admissions, interrogatories, and production of

---

1. On appeal, Primavera is represented by different counsel than its attorney at the trial level.

documents and Meyer's second set of interrogatories.

On May 30, 2006, Meyer filed a motion for summary judgment alleging that Primavera had failed to respond to the requests for admission served on it over two years earlier and that Primavera had failed to abide by the trial court's order compelling discovery. On July 13, 2006, Primavera filed three pleadings with the trial court: (1) a statement of disputed material facts in opposition to Meyer's motion for summary judgment, pursuant to Tenn. R. Civ. P. 56.03; (2) a response to Meyer's request for admissions that were served upon Primavera in March of 2004; and (3) a motion to "withdraw designated admissions" regarding matters deemed admitted pursuant to Tenn. R. Civ. P. 36.01 due to Primavera's failure to timely respond.

The trial court heard Meyer's motion for summary judgment on July 17, 2006, and three days later the trial court entered summary judgment in Meyer's favor, ruling as follows:

> On March 10, 2004, requests for admission were served by Meyer on Primavera, which went unanswered. On March 20, 2006, this Court entered an order requiring Primavera to respond to those requests by March 23, 2006, and Primavera did not comply by that date. If taken as true, the requests establish that Primavera is indebted to Meyer in the amount of $373,777.44 as of January 27, 2004, together with interest and attorneys' fees. In the transaction which underlies the amount in the preceding sentence, Meyer delivered materials to Primavera in proper condition and which were not defective. Meyer [sic: Primavera] accepted the materials without objection and provided no written notice of objection.

Primavera concedes that no timely response to the requests for admissions [was] filed but maintains that Meyer was on notice of its position that it contested the propriety of the materials submitted. No motion to withdraw the deemed admissions was made by Primavera. Accordingly, the matters are deemed admitted .... [and] an award of summary judgment in favor of [Meyer] is warranted, and judgment will be entered in favor of [Meyer] with respect to the complaint and the counterclaim.

For reasons not revealed in the record, the trial court was unaware that Primavera had filed a motion to withdraw the admissions at the time of the summary judgment hearing. On August 15, 2006, after considering Primavera's motion to withdraw the matters deemed admitted by operation of Tenn. R. Civ. P. 36.01, the trial court entered an order denying the motion and stating as follows:

> After hearing arguments of counsel and after reviewing the papers in support of and in opposition to the motion, the Court is of the opinion that there is no provision within the Tennessee Rules of Civil Procedure for the withdrawal of admissions where no response has been given. There is a procedure within Rule 36 of the Tennessee Rules of Civil Procedure for the withdrawal of admissions where a response was actually made, but where there is silence in response to a request for admission, there is no such provision.

Primavera then filed a motion styled "Rule 59.04 Motion to Alter or Amend Judgment, or Alternately Rule 60.01 & 60.02 Motion for Relief From Judgments or Orders." After a hearing, the trial court denied the motion on two grounds, stated as follows:

> ▮ Primavera is not entitled to relief under Rules 59 or 60 of the Tennessee

Rules of Civil Procedure with respect to the August 15th Order because the Court stands by its ruling that relief under Rule 36.02 is not available when facts are deemed admitted under Rule 36.01's default provision.

■ The Court also finds that Rule 37 of the Tennessee Rules of Civil Procedure precludes withdrawal of the admissions because Primavera did not comply with the March 20th Order [compelling discovery responses] and is further grounds for denying Primavera relief under Rule 59 or 60 of the Tennessee Rules of Civil Procedure.

With the entry of this order, the summary judgment in Meyer's favor became final.

## II. Issues Presented

Primavera appeals, raising the issues of whether the trial court erred in granting Meyer summary judgment on the grounds of (1) its determination that the matters of which an admission was requested by Meyer were admitted by operation of Tenn. R. Civ. P. 36.01 due to Primavera's failure to timely respond, and the trial court's refusal to allow Primavera to withdraw the admissions; and (2) the trial court's order effectively deeming the matters conclusively admitted as a sanction for Primavera's failure to obey the trial court's order compelling discovery, pursuant to Tenn. R. Civ. P. 37.02.

## III. Analysis

### A. Standard of Review

■ We review this non-jury case *de novo* upon the record of the proceedings below with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. Tenn. R.App. P. 13(d); *see also Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). There is no presumption of correctness with regard to the trial court's conclu-

sions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn.1993).

### B. Trial Court's Interpretation of Tenn. R. Civ. P. 36

■ The trial court held that there is "no provision within the Tennessee Rules of Civil Procedure for the withdrawal of admissions where no response has been given," and that "relief under Rule 36.02 is not available when facts are deemed admitted under Rule 36.01's default provision." The trial court's interpretation of Rule 36 is purely a question of law, subject to de novo review. We are of the opinion that the clear language of Tenn. R. Civ. P. 36 provides the trial court discretion to allow withdrawal or amendment of matters deemed admitted because of a party's failure to timely provide answers to a request for admission, including when no response has been provided by a party who has received a request for admission.

■ Tennessee Rule of Civil Procedure 36 provides for the service of a written request for admissions as a discovery tool, stating in relevant part as follows:

**Rule 36.01 Request for Admission**

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

. . . .

Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as*

*the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon the defendant.* If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

. . . .

## Rule 36.02    Effect of Admission

*Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions of Rule 16 governing amendment of a pre-trial order, *the court may permit withdrawal or amendment* when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Tenn. R. Civ. P. 36 (emphasis added). Rule 36.02 plainly applies to "any matter admitted" under Rule 36, without making any distinction as to how or for what reason the matter was deemed admitted. *See generally Tennessee Dep't of Human Services v. Barbee*, 714 S.W.2d 263 (Tenn. 1986). The discretion afforded the trial court by Rule 36.02 to permit withdrawal or amendment of matters deemed admitted provides a modicum of flexibility to avoid any potential injustice that might occur from a strict and unyielding applica-

tion of the 30–day or 45–day deadline prescribed in Rule 36.01.

Although the decision whether to grant a motion to withdraw or amend matters deemed admitted pursuant to Tenn. R. Civ. P. 36 is addressed to the sound discretion of the trial court, *Hutcheson v. Irving Materials, Inc.*, No. M2002–03064–COA–R3–CV, 2004 WL 419722 (Tenn. Ct.App. M.S., filed Mar. 8, 2004), and *Maness v. Woods*, No. W2000–01049–COA–R3–CV, 2001 WL 29457 (Tenn. Ct.App. W.S., filed Jan. 10, 2001), the trial court in this case did not exercise its discretion, finding that it had none under the Tennessee Rules of Civil Procedure. Ordinarily such a circumstance would require a remand to the trial court to address the question of whether Primavera should be allowed to withdraw its admissions under Rule 36. But in this case, a remand is not necessary because the trial court also based its ruling on a separate and independent ground—the imposition of sanctions for Primavera's failure to comply with its order compelling discovery under Tenn. R. Civ. P. 37, and we find no error in the trial court's Rule 37 decision, as discussed below.

### C.    Sanction for Failure to Comply with Discovery Order—Tenn. R. Civ. P. 37

■ The trial court's order compelling discovery, entered on March 20, 2006, but apparently issued from the bench at the conclusion of the March 13, 2006 hearing, mandated that Primavera "will have ten days, or until March 23, 2006, to respond to Plaintiff's First Combined Request for Admissions, Interrogatories and Request for Production of Documents and Second Set of Interrogatories." Primavera made no response to the trial court's order until July 13, 2006, approximately four months later and nearly one and a half months after Meyer's motion for summary judgment was filed.

In its order denying Primavera's Rule 59 motion to alter or amend the judgment and/or Rule 60 motion for relief from the judgment, the trial court held that Tenn. R. Civ. P. 37 provided a further ground to deny the relief sought. Although Primavera argues on appeal that the trial court did not utilize Rule 37.02 as a sanction for its failure to comply with the trial court's discovery order, the trial court stated at the hearing, "I think also the sanctions provisions of Rule 37 apply for failure to comply with the order."

Tennessee Rule of Civil Procedure 37.02 provides a trial court discretion to impose sanctions "as are just" on a party who fails to obey the court's order compelling discovery and states in relevant part as follows:

> If a [party] fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Trial courts are afforded wide discretion to determine the appropriate sanction to be imposed for abuse of the discovery process. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 133 (Tenn.2004); *Murray v. Beard*, No. E2006–01661–COA–R3–CV, 2007 WL 2437971, at *4 (Tenn. Ct.App. E.S., filed Aug. 29, 2007). "The trial court's determination of the appropriate sanction to be imposed will not be disturbed on appeal unless the court commits an abuse of discretion." *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn.1988); *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn.1984). Such a discretionary decision "will be set aside on appeal only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence," *Mercer*, 134 S.W.3d at 133 (internal quotation marks omitted), and an appellate court "should allow discretionary decisions to stand even though reasonable judicial minds can differ concerning their soundness." *Id.* In the present case, we find no abuse of discretion in the trial court's decision under Tenn. R. Civ. P. 37.02.

In this case, while the parties agreed to put the litigation "on hold" for a time pending settlement discussions, Primavera was placed on notice no later than October 31, 2005 that Meyer was moving forward with the litigation and requesting Primavera's response to its discovery requests, by the letter from Meyer's counsel to that effect. Primavera received a second, more emphatic notice with the second letter sent by Meyer's counsel on December 27, 2005. After the trial court's March 2006 order giving Primavera ten days to respond to Meyer's outstanding requests for admission, production of documents, and interrogatories, Primavera made no response for four months, and it has offered no reason or explanation for the delay.

When Primavera finally did file a response, it argued to the trial court and continues to argue on appeal that although it never filed a "formal" response to the discovery request, its answer to Meyer's complaint should be considered an "informal" response and that it should thereby avoid sanctions. The trial court found this argument unpersuasive, and we concur with the trial court. Tennessee Rule of Civil Procedure 36.01 requires that an answer be specifically directed to each matter of which an admission is requested and that the answer "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Tenn. R. Civ. P. 36.01. Primavera cites no legal authority that supports its argument that its answer to Meyer's complaint serves as a sufficient response to Meyer's discovery request. Additionally, Primavera's own motion "for additional time to serve responses to Plaintiff's discovery," filed the same day as its answer to the complaint, requested an additional 30 days "in order to meaningfully respond" to the discovery request, demonstrating that Primavera did not consider its answer to the complaint to be a "meaningful" discovery response.

In the case of *Porter v. Melton*, No.02A01–9701–CV–00125, 1992 WL 29821 (Tenn. Ct.App. W.S., filed Feb. 21, 1992), this court rejected a similar argument, stating:

> The defendant claims that since he denied liability for Ms. Sparks' death in the answer he filed in this lawsuit, he was somehow relieved of the duty to respond to plaintiff's second set of Requests for Admissions. We disagree. The language of Rule 36 is clear that a party must respond to all requests for admissions, otherwise, the requests will be deemed admitted by that party. Rule 36 makes no exception for issues which have been previously denied in other pleadings and we see no reason to add this exception to the operation of Rule 36.

*Id.,* 1992 WL 29821 at *4.

Tennessee Rule of Civil Procedure 37.02(A) authorizes the trial court to enter, as a sanction, an order that "the matters regarding which the order [compelling discovery] was made or any other designated facts shall be taken to be established for the purposes of the action," which is essentially what the trial court did in the present case. The effect of the trial court's order was to establish as admitted those matters that Meyer presented in its discovery request for admissions. We find no abuse of the trial court's discretion in making this decision.

The admissions conclusively establish that Primavera owes Meyer $373,777.44 as the agreed purchase price for goods provided and that no genuine issue of material fact remains to be tried in the case. The trial court therefore correctly determined that Meyer was entitled to judgment as a matter of law and entered summary judgment in Meyer's favor.

## IV. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed to the Appellant, Primavera Distributing, Inc.