# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 13, 2016 Session

## THE ESTATE OF CARLENE C. ELROD. V. MICHAEL S. PETTY ET AL.

### Appeal from the Circuit Court for Davidson County
#### No. 12C68      Joseph P. Binkley Jr., Judge

---

### No. M2015-00568-COA-R3-CV – Filed June 23, 2016

---

Plaintiff appeals the summary dismissal of this action based on the statute of frauds and judicial estoppel, the award of expenses and attorney's fees as a discovery sanction, and the award of discretionary costs. In April 2005, Carlene Elrod, now deceased, signed four quitclaim deeds conveying real property in fee simple to her grandson, Michael Petty. In April 2011, Mrs. Elrod filed a verified complaint to set aside the conveyances on tort grounds including mistake, fraud, and deceit, claiming she was under the influence of prescription medications at the time of the conveyances, which deprived her of the mental capacity to contract. Mrs. Elrod died while the action was pending and her estate was substituted as plaintiff. The estate filed an amended complaint in which it dropped all tort claims and asserted a breach of contract claim. Specifically, the estate alleged that the conveyances were based on an oral contract pursuant to which Mr. Petty agreed to pay all rental income from the properties to Mrs. Elrod until her death, and that Mr. Petty honored this agreement for five years but breached the agreement by retaining all rental income thereafter. Following discovery, the defendants, Mr. Petty and his wife, filed a motion for summary judgment. The trial court summarily dismissed the complaint finding: (1) the claims were barred by the Tennessee Statute of Frauds because they were based on a purported oral contract pertaining to the transfer of real property, and (2) the claims were barred by the doctrine of judicial estoppel given the factual inconsistencies between the initial verified complaint and the amended complaint. The court also assessed expenses and attorney's fees against the plaintiff as a sanction for failing to comply with discovery, and discretionary costs. We affirm the grant of summary judgment based on the statute of frauds. We also affirm the award of expenses and attorney's fees pursuant to Tenn. R. Civ. P. 37.01 and discretionary costs pursuant to Tenn. R. Civ. P. 54.04.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Robert L. DeLaney, Nashville, Tennessee, for the appellant, The Estate of Carlene C. Elrod.

Philip D. Irwin, Nashville, Tennessee, for the appellees, Michael S. Petty and Kimberly Petty.

**OPINION**

On April 12, 2005, Carlene C. Elrod ("Mrs. Elrod") transferred four parcels of real property to her grandson, Michael S. Petty, pursuant to four contemporaneous quitclaim deeds. On April 18, 2011, Mrs. Elrod filed a complaint in the chancery court against Mr. Petty and his wife, Kimberley Petty, ("Defendants") asserting claims for: (1) fraud in the inducement; (2) receiver for real and personal property; (3) conversion; and (4) violation of the Tennessee Adult Protection Act.[1] Generally stated, the factual basis for the claims were that Mrs. Elrod lacked the mental capacity to contract at the time of the conveyances because she was suffering from a severe illness for which she was taking a variety of pain and anxiety medications that adversely and substantially affected her judgment. She further alleged that her health improved over time and that she regained her mental competency in late 2007, at which time she discovered the full ramifications of the conveyances.

Defendants filed a joint answer to the complaint and served written discovery on Mrs. Elrod; however, she voluntarily dismissed the chancery court action in November 2011 before answering discovery. One month later, Mrs. Elrod filed a verified complaint in the circuit court asserting the same factual allegations and tort claims. As before, Defendants filed an answer and served the same interrogatories and requests for production of documents on Mrs. Elrod. Mrs. Elrod responded to the discovery requests by objecting to several questions contending the information sought was not relevant and not calculated to lead to the discovery of admissible evidence. After attempting unsuccessfully to resolve the discovery dispute, Defendants filed a motion to compel discovery. Following a hearing, the trial court entered an order stating it would take the motion to compel under advisement pending any additional discovery Defendants wished to take and any future discovery disputes.

Mrs. Elrod passed away on October 23, 2013. Thereafter, Keith Varner, in his capacity as the executor of her estate, filed a suggestion of death with the trial court and the estate was substituted as plaintiff.

---

[1] Mr. Petty's wife, Kimberley Petty, and Franklin Financial Network, Inc., were also defendants because Mr. and Mrs. Petty pledged the property as collateral to secure a loan from the bank. After the estate amended the complaint to seek only damages for Mr. Petty's failure to pay rent, the suit against Franklin Financial was dismissed in April 2014.

Subsequently, the estate filed a motion seeking leave to file an amended complaint and the trial court granted this motion. The amended complaint filed by the estate on Mrs. Elrod's behalf mentioned none of the previously asserted tort claims; instead, it asserted claims for: (1) breach of contract,[2] (2) promissory estoppel, and (3) equitable estoppel. Specifically, the amended complaint filed by the estate alleged that Mrs. Elrod entered into an agreement with Mr. Petty whereby she would convey the real property to him in consideration for his promise to remit all of the rental income to Mrs. Elrod for the rest of her life. The complaint alleged that Mr. Petty honored their agreement for five years, until February 2010, after which he continuously breached the agreement by failing to remit any rental income to Mrs. Elrod. It was also alleged that Mrs. Elrod reasonably relied upon Mr. Petty's promise to pay the rental income and "enforcement of this promise is the only means of avoiding injustice."

On July 23, 2014, Defendants filed a motion to dismiss the amended complaint asserting, inter alia, that the claims therein were barred by the doctrine of judicial estoppel because the factual allegations in the amended complaint were inconsistent with the facts asserted in the initial complaint. The trial court denied the motion explaining that although the factual allegations in the amended complaint were inconsistent with the original compliant, the doctrine of judicial estoppel allowed the estate the opportunity to explain the inconsistencies and confirm the allegations of the amended complaint.

Thereafter, Defendants took the deposition of Keith Varner, the executor of the estate, and also propounded a second set of interrogatories and request for production of documents. The estate responded to the written discovery on October 31, 2014; however, Defendants notified the estate that the responses were deficient. When the parties once again were unable to resolve the dispute, Defendants filed a second motion to compel discovery and requested reasonable expenses and attorney's fees pursuant to Tenn. R. Civ. P. 37.01. On December 5, 2014, the trial court heard arguments on both of Defendants' motions to compel discovery.[3] At the conclusion of the hearing, the trial court orally granted both motions to compel; however, the court held Defendants' request for reasonable expenses and attorney's fees in abeyance pending further proof.

On October 31, 2014, Defendants filed a motion for summary judgment on two grounds: (1) the claims were barred by the statute of frauds because the oral agreement

---

[2] The amended complaint referred to this cause of action as "Failure of Consideration." However, the complaint asserted that the parties had a legally enforceable agreement which was supported by consideration, and sought damages for Defendants failure to comply with that agreement. Thus, we have determined that the cause of action is more properly referred to as one for "breach of contract."

[3] At the conclusion of the hearing on the first motion, the court took the matter under advisement pending additional discovery to afford the parties the opportunity to resolve their differences, which they failed to do.

pertained to an interest in real property; and (2) the doctrine of judicial estoppel barred the claims because the estate was unable to provide an explanation for the factual inconsistencies between the initial verified complaint and the amended complaint. Following a hearing, the court ruled that the alleged oral agreement—i.e., Mr. Petty's promise to pay all rental income to Mrs. Elrod—was unenforceable based on the statute of frauds. The court also found that the claims were barred by the doctrine of judicial estoppel because the factual allegations in the initial verified complaint sworn to by Mrs. Elrod were inconsistent with the factual allegations in the amended complaint. Accordingly, the trial court granted summary judgment on both grounds.

Shortly thereafter, Defendants asked the court to award their attorney's fees and expenses relating to the motions to compel as well as discretionary costs. By order entered on April 17, 2015, the trial court granted Defendants' motion for discretionary costs pursuant to Tenn. R. Civ. P. 54.04 in the amount of $4,784.35. By separate order entered on June 4, 2015, the court also awarded Defendants their expenses and attorney's fees incurred in relation to the second motion to compel discovery in the amount of $8,137.50; however, the trial court declined to award Defendants' request for expenses related to the first motion to compel.[4]

The estate appeals contending the trial court erred by granting Defendants' motion for summary judgment because: (1) the statute of frauds does not prevent enforcement of the parties' oral agreement; and (2) the elements necessary for judicial estoppel are not present here. Additionally, the estate contends the trial court erred by awarding attorney's fees and expenses in relation to Defendants' second motion to compel and in awarding discretionary costs.

## STANDARD OF REVIEW

We review a trial court's summary judgment ruling de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In doing so, we make a fresh determination of whether the

---

[4] At the May 15, 2015 hearing, the trial court explained its rationale for declining to award expenses for the first motion, stating that it has a policy of not awarding attorney's fees or expenses as a matter of course with regard to a first Rule 37 motion to compel in a given case. Additionally, although the trial court orally granted the motions to compel at the December 5, 2014 hearing, the court failed to enter a written order reflecting this fact until after the May 15, 2015 hearing. The trial court took this fact into consideration when awarding attorney's fees and expenses for the second motion to compel. Specifically, the court restricted its attorney's fee and expenses award to the time period between November 3, 2014 (the date in which the estate asserted objections to the discovery requests) and December 5, 2014 (the date in which the court orally granted the motion to compel). The trial court also awarded Defendants reasonable expenses incurred in preparation for the May 15, 2015 hearing on expenses.

requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*. (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)).

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). The party moving for summary judgment bears the burden of demonstrating both that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Martin*, 271 S.W.3d at 83. When the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either: (1) by affirmatively negating an essential element of the nonmoving party's claim; or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Rye*, 477 S.W.3d at 264.

With regard to the award of expenses related to the motion to compel discovery and discretionary costs, we review the trial court's decision under an abuse of discretion standard. *See Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.*, 293 S.W.3d 162, 168 (Tenn. Ct. App. 2008); *Owens v. Owens*, 241 S.W.3d 478, 497 (Tenn. Ct. App. 2007). In order to ascertain whether a trial court's decision constitutes an abuse of discretion, we review the trial court's decision to determine whether the factual basis for the decision is properly supported by the evidence in the record, whether the trial court properly identified and applied the most appropriate legal principles applicable to the decision, and whether the trial court's decision was within the range of acceptable alternative dispositions. *Gooding v. Gooding*, 477 S.W.3d 774, 781 (Tenn. Ct. App. 2015).

### ANALYSIS

### I. STATUTE OF FRAUDS

The estate argues that the trial court erred by concluding that the statute of frauds prevents enforcement of the oral contract in this case.

To be enforceable, a "contract must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Staubach Retail Servs.-Se, LLC v. H.G. Realty Co.*, 160 S.W.3d 521, 524 (Tenn. 2005). Typically, an enforceable contract can be "express, implied, written, or oral." *Thompson v. Hensley*, 136 S.W.3d 925, 929 (Tenn. Ct. App. 2003). However, under the statute of frauds, certain types of contracts require an extra showing of proof to be enforceable. *Waddle v. Elrod*, 367 S.W.3d 217, 222 (Tenn. 2012) (citing Tenn. Code

- 5 -

Ann. § 29-2-101(a)). Contracts for the sale of real property are among the types of contracts that are subject to the statute of fraud's requirements. *See id.* With respect to real property, Tennessee's statute of frauds provides:

> No action shall be brought . . . [u]pon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year . . . unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party. In a contract for the sale of lands, tenements, or hereditaments, the party to be charged is the party against whom enforcement of the contract is sought.

Tenn. Code Ann. § 29-2-101(a).

The requirement of a written memorandum is satisfied if the writing "contain[s] the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence." *Davidson v. Wilson*, No. M2009-01933-COA-R3-CV, 2010 WL 2482332, at *7 (Tenn. Ct. App. June 18, 2010) (quoting *Lambert v. Home Fed. Sav. & Loan Ass'n*, 481 S.W.2d 770, 773 (Tenn. 1972)).

Here, none of the four quitclaim deeds which transferred ownership of the property contain any reference to a promise, understanding or agreement that transfer of title was in consideration for future rental income. To the contrary, each quit claim deed states:

> FOR IN CONSIDERATION of One dollar (1.00), cash in hand paid, the receipt of which is hereby acknowledged, Carlene C. Elrod . . . does hereby quitclaim and convey unto Michael S. Petty, married, his heirs and assigns, the following described tract of land located in Davidson County, Tennessee . . . .

Additionally, the affidavit of consideration stated on the last page of each deed also provides evidence directly contradictory to the claim being asserted. Each affidavit of consideration states:

> I hereby swear or affirm that the actual consideration or true value of this transfer, whichever is greater, is: $-0-.

Although the estate has provided no writing regarding the payment of rental income to Mrs. Elrod, the estate argues that Mr. Petty's promise and the parties' agreement is not subject to the statute of frauds because the "oral contract pertains to

Mrs. Elrod's receipt of income from [Defendant] and created no possessory interest in the real property she conveyed absolutely in fee simple." Additionally, the estate argues that, if the statute of frauds applies, the past performance by Defendants—i.e., paying the rent to Mrs. Elrod for five years—satisfies the statutory requirements.

We agree that the purported oral contract would not create a possessory interest in the realty for Mrs. Elrod; nevertheless, this fact does not remove the contract from the statute of frauds. Tennessee's statute of frauds encompasses, inter alia, "any contract for the *sale* of lands. . . ." *See* Tenn. Code Ann. § 29-2-101(a) (emphasis added). Under the traditional definition, a sale occurs when one transfers property or title for a price. *See* Black's Law Dictionary (10th ed. 2014).[5] At summary judgment, the estate argued that the receipt of rental income was the "consideration" for the conveyance of the property. In other words, the payment of rental income to Mrs. Elrod for remainder of her life was the price Mr. Petty agreed to pay in exchange for the property. Thus, the oral agreement falls squarely within the classic definition of a "sale" of lands. Because this purported contract involves the sale of real property, it is subject to the statute of frauds.

Further, "it has long been the rule in this state that partial performance will not prevent the application of the Statute of Frauds to an agreement involving interests in real estate." *Owen v. Martin*, No. M1999-02305-COA-R3-CV, 2000 WL 1817278, at *4 (Tenn. Ct. App. Dec. 13, 2000) (citing *Knight v. Knight*, 436 S.W.2d 289 (Tenn. 1969); *Eslick v. Friedman*, 235 S.W.2d 808 (Tenn. 1951); *Goodloe v. Goodloe*, 92 S.W. 767 (Tenn. 1906)). Thus, we are unpersuaded by the argument that the past payment of rent to Mrs. Elrod satisfies the statute of frauds.

Accordingly, the trial court correctly determined that the oral contract is unenforceable under the statute of frauds; therefore, the court properly granted Defendants' motion for summary judgment on this ground.

Our affirmance of this ground is dispositive of whether summary dismissal of the complaint was appropriate. Therefore, it is unnecessary for us to consider the estate's challenge to the trial court's ruling on the basis of judicial estoppel.

II. FEES AND EXPENSES RELATED TO DISCOVERY

The estate contends the trial court erred by awarding Defendants' their expenses and attorney's fees as a discovery sanction pursuant to Tenn. R. Civ. P. 37.01.

---

[5] For purposes of Tenn. Code Ann. § 29-2-101(a), the term "sale" is even broader than this traditional definition and has been interpreted to mean "any alienation of real property, including even a donation of realty." *See Waddle*, 367 S.W.3d at 224.

Rule 37.01 of the Tennessee Rules of Civil Procedure provides:

**(2) Motion.** If a deponent fails to answer a question propounded or submitted under Rules 30 or 31 . . . or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection . . . .

. . .

**(4) Award of Expenses of Motion.** If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. . . .

Tenn. R. Civ. P. 37.01.

Trial courts are afforded wide discretion with regard to discovery decisions. *Meyer Laminates (SE), Inc.*, 293 S.W.3d at 168 (citing *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 133 (Tenn. 2004)). As discussed above, in order to ascertain whether a decision constitutes an abuse of discretion, we review the trial court's decision to determine whether the factual basis for the decision is properly supported by the evidence in the record, whether the trial court properly identified and applied the most appropriate legal principles applicable to the decision, and whether the trial court's decision was within the range of acceptable alternative dispositions. *Gooding*, 477 S.W.3d at 781.

In this case, Defendants filed two motions to compel discovery throughout the course of the proceedings. Following the second hearing on Defendants' motions to compel discovery, the court ordered the estate to fully and completely respond to Defendants' discovery requests and ordered the estate to pay $8,137.50 for Defendants' expenses and attorney's fees incurred in relation to the second motion to compel. On appeal, the estate contends this was error because the trial court abused its discretion by applying the incorrect legal standard, basing its decision on an erroneous assessment of the evidence, and reaching an illogical decision that caused an injustice to the estate. For the following reasons, we find these arguments unpersuasive.

The trial court expressly stated that it applied Tenn. R. Civ. P. 37.01 in assessing whether expenses and attorney's fees were warranted. As noted above, Rule 37.01 provides the rule governing when a court may award attorney's fees or expenses following a motion to compel discovery. *See* Tenn. R. Civ. P. 37.01. Accordingly, the record reveals that the trial court "identified and applied the most appropriate legal principles to the decision." *See Gooding*, 477 S.W.3d at 781.

Nevertheless, the estate argues that the trial court erred in awarding attorney's fees because it was "substantially justified" in opposing the motions to compel. Specifically, the estate argues that the motions sought to enforce discovery requests that were overbroad and burdensome because the majority of the written discovery was requested prior to Mrs. Elrod's death and related to the tortious conduct claims, while the motions to compel were prosecuted after the amendment to the complaint that greatly narrowed the scope of the factual issues. However, this argument fails to acknowledge that the discovery requests at issue are those which the second motion to compel sought to enforce.[6] These discovery requests were submitted to the estate in October of 2014, well after the death of Mrs. Elrod and the filing of the estate's amended complaint. Further, these requests sought to discover information relating to the amount of rental income Mrs. Elrod received and were entirely relevant to the matters at issue. *See* Tenn. R. Civ. P. 26.02 ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."). Therefore, the estate's opposition to this motion was not "substantially justified." *See* Tenn. R. Civ. P. 37.01(4).

The record reveals that the trial court correctly identified and properly applied the applicable legal principles and its decision is supported by the evidence in the record. *See Gooding*, 477 S.W.3d at 781. Accordingly, the trial court was authorized to award Defendants their reasonable expenses and attorney's fees. *See* Tenn. R. Civ. P. 37.01 ("If the motion [to compel] is granted, the court *shall* . . . require the party . . . to pay to the moving party the reasonable expenses incurred . . . unless the court finds that the opposition to the motion was *substantially justified* or that other circumstances make an award of expenses *unjust*.") (emphasis added). Therefore, we affirm the award expenses and attorney's fees.

## III. DISCRETIONARY COSTS

Additionally, the estate argues that the trial court abused its discretion by awarding Defendants' their discretionary costs pursuant to Tenn. R. Civ. P. 54.04.

---

[6] As noted above, Defendants filed two motions to compel discovery throughout the course of this case; however, attorney's fees and expenses were only awarded with regard to the second motion to compel. Therefore, the discovery requests which the first motion sought to enforce are not at issue.

Rule 54.04 of the Tennessee Rules of Civil Procedure "empowers the trial courts to award the prevailing party certain litigation expenses." *Owens*, 241 S.W.3d at 496; Tenn. R. Civ. P. 54.04. These expenses include:

> [R]easonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees[.]

Tenn. R. Civ. P. 54.04(2). "Even though a party is not automatically entitled to an award of discretionary costs under Tenn. R. Civ. P. 54.04(2) simply because it prevailed . . . the courts generally award discretionary costs if they are reasonable and if the party requesting them has filed a timely, properly supported motion satisfying the requirements of Tenn. R. Civ. P. 54.04(2)." *Owens*, 241 S.W.3d at 497 (citing *Benson v. Tenn. Valley Elec. Coop.*, 868 S.W.2d 630, 644 (Tenn. Ct. App. 1993)). Awards of discretionary costs are, naturally, within the sound discretion of the trial court, and such awards are reviewed for an abuse of that discretion. *Id.*

In this case, the trial court awarded discretionary costs to Defendants totaling $4,784.35. The expenses included in this award were court reporter services for depositions and expert witness fees. This award was properly requested by Defendants, the prevailing parties, and was entirely reasonable. Therefore, the trial court did not abuse its discretion in awarding Defendants' discretionary costs.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the estate of Carlene C. Elrod.

_____
FRANK G. CLEMENT, JR., JUDGE