IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2017

## TINA GREGG, ET AL. v. SHAWN SMOOT

**Appeal from the Circuit Court for Knox County**
No. 2-560-12        William T. Ailor, Judge

_____

### No. E2017-00451-COA-R3-CV

_____

Defendant in wrongful death action appeals the judgment entered against him in favor of the mother and personal representative of the decedent's estate. Over the course of the litigation, the defendant failed to comply with multiple orders to compel discovery, and as a result, the court entered a judgment by default in accordance with Tennessee Rule of Civil Procedure Rule 37.02. Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Shawn N. Smoot, Only, Tennessee, Pro Se.

T. Scott Jones, Knoxville, Tennessee, for the appellee, Tina Gregg.

### MEMORANDUM OPINION[1]

In this appeal, Shawn Smoot challenges the judgment entered against him on February 14, 2017, awarding compensatory and punitive damages to Tina Gregg, next of kin and Personal Representative of the Estate of Brooke Morris. The suit arises out of the

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

death of Ms. Morris on October 15, 2011, when she was shot and fatally wounded; Mr. Smoot was alleged to be responsible for her death.

Ms. Gregg filed suit against Mr. Smoot on October 15, 2012, pursuant to Tennessee Code Annotated section 20-5-106, *et seq.*, to recover for Ms. Morris' death. In response to the complaint, Mr. Smoot, proceeding *pro se*, sent a letter to the court on November 16, denying the allegations of the complaint. Subsequently, Ms. Gregg moved the court for a default judgment based on Mr. Smoot's failure to answer the Complaint. The motion was apparently not granted because on January 4, 2013, Ms. Gregg moved the court for summary judgment; her motion was supported by a Statement of Undisputed Facts and a request to admit certain facts. No response was filed by Mr. Smoot. After a hearing at which Mr. Smoot did not appear, the Court granted the motion and entered a judgment against Mr. Smoot in the amount of two million ($2,000,000.00) dollars.

Mr. Smoot timely filed a motion pursuant to Rule 59 of the Tennessee Rules of Civil Procedure to alter or amend the judgment, asserting that Ms. Gregg did not qualify as next of kin or as personal representative of the estate until after the suit was filed; that Ms. Gregg did not have capacity to bring the suit; that his notes to the court should be counted as an answer filed within 30 days; that notice of the hearing on the motion for summary judgment was not delivered to him; and that there was no proof upon which to determine future earnings of Ms. Morris' wages.

In response, Ms. Gregg filed numerous exhibits, including copies of the Petition for Administration and Oath of Personal Representative showing that the Estate of Brooke Morris was opened prior to the suit and an affidavit of her counsel attesting that Mr. Smoot was sent a copy of the Motion for Summary Judgment, the Statement of Undisputed Facts, and a Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment. Subsequently, Mr. Smoot retained counsel, and on August 30, 2013, the court entered an agreed order, signed by counsel for both parties setting aside "the judgment and all pleadings heretofore filed in this case" and allowing Ms. Gregg to "start the case afresh by filing a new complaint and any other documents necessary for the proper prosecution of this case."[2]

The case was refiled, and Mr. Smoot answered the Complaint on October 17, 2013. An order entered by the court on September 8, 2015, set forth a tortured history of discovery efforts and disputes that ensued, beginning with a motion filed on October 24, 2013, seeking to compel Mr. Smoot to answer interrogatories; the motion was granted by order entered November 21. The order required Mr. Smoot to respond within fifteen days, and if he did not respond, Ms. Gregg would be allowed to seek sanctions. On December 20, Ms. Gregg filed a motion seeking sanctions based on Mr. Smoot's failure to comply with the order; the motion for sanctions remained pending over the next year.

---

[2] The record does not show the pleadings or circumstances that led to the entry of the order.

In the interim, the parties continued to spar over discovery, resulting in orders to compel entered on March 12, 2014, and May 12, 2015. Mr. Smoot's counsel withdrew from the case on July 22, 2015, and Mr. Smoot has proceeded *pro se* since that time. On May 28, 2015, Ms. Gregg filed a Tennessee Rule of Civil Procedure 37.02(C) motion for sanctions for Mr. Smoot's failure to comply with the May 12 order; an order was entered on August 17 granting the motion and setting a damages hearing for September 4. The court received a letter from Mr. Smoot on September 1, in which he advised the court that, due to his incarceration, he had not received timely notice of the hearing on the Rule 37.02(C) motion. The September 8 order ends:

> Based on the aforementioned findings and a review of the Court record as a whole, the Court finds that the Order entered August 17, 2015 for Default Judgment should be set aside. This matter has had a long and tortured history as set forth above which shows that it has not moved forward as a result of the failure of the Defendant to comply with the Court's previous orders. The Defendant is hereby put on notice that failure to comply with the future orders of this Court will result in appropriate sanctions. This matter will be set back on the Court's docket for November 19, 2015 at 1:30 P.M. for a hearing on the Plaintiffs' Motion for Default Judgment and Discovery Sanctions. Failure of the Defendant to comply with this Court's Order will result in the appropriate Order of this Court.

The next order in the record was entered on December 21, 2015, on Ms. Gregg's Motion for a Default Judgment[3] and recites that the court would not grant the motion "at this time" but would hold it in abeyance "pending [Mr. Smoot's] response to the Plaintiff's outstanding discovery and compliance with this order . . . within thirty days."

A hearing was set for December 13, 2016 on Ms. Gregg's Motion for Discovery Sanctions.[4] On November 14, Mr. Smoot moved the court to participate in the hearing by telephone, since he was incarcerated; the court denied the motion, and the hearing was held as scheduled. The court granted the motion for sanctions and entered a default judgment on January 13, 2017, stating in pertinent part:

> After a hearing in open Court, with the Defendant present relative to the same, this honorable Court finds that the Defendant has willfully violated this Court's multiple Orders relative to discovery in the present matter. Further, when the Defendant was given the opportunity to answer questions under oath during the motion hearing, the Defendant was evasive and

---

[3] The motion is not in the record on appeal.

[4] The record is not clear as to whether Ms. Gregg filed a new motion or if this was a hearing on the motion upon which the court had delayed ruling.

3

uncooperative relative to the same. This Court finds that it is apparent that the Defendant has no intention of cooperating with the discovery process in the present matter, and, accordingly, the Plaintiff's Motion for Discovery Sanctions is well-taken.

It is hereby ORDERED, ADJUDGED and DECREED that the Plaintiff is granted a judgment by default against the Defendant, Shawn Smoot, relative to liability for the intentional killing of Brooke Morris on or about October 15, 2011. The present matter shall be set back on this Court's docket for a Writ of Inquiry on February 14, 2017 at 10:00 a.m., for a determination of appropriate damages and entry of a final judgment in the present matter.

The court set a further hearing for February 14 and entered a Final Judgment on February 21, granting Ms. Gregg compensatory damages of two million ($2,000,000.00) dollars and punitive damages of five million ($5,000,000.00) dollars.

Mr. Smoot timely appealed. While he has stated ten issues for review, the dispositive issue is whether the court erred in granting the default judgment.

A trial court has the authority to "take such action as is necessary" to prevent discovery abuse" and has "wide discretion to determine the appropriate sanction to be imposed" for abuse of the discovery process. *Mercer v. Vanderbilt University, Inc.*, 134 S.W.3d 121, 133 (Tenn. 2004). Accordingly, we review the trial court's decision in this case under the abuse of discretion standard. *Laseter v. Regan*, 481 S.W.3d 613, 639 (Tenn. Ct. App. 2014); *Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.*, 293 S.W.3d 162, 168 (Tenn. Ct. App. 2008). The Tennessee Supreme Court articulated the abuse of discretion standard in *Eldridge v. Eldridge,* stating:

A trial court's ruling will be upheld so long as reasonable minds can disagree as to propriety of the decision made. A trial court abuses its discretion only when it applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining. The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

42 S.W.3d 82, 85 (Tenn. 2001) (internal citations and quotations omitted)

The purpose of Rule 37 sanctions are set out in *Mansfield v. Mansfield*:

These sanctions serve a three-fold purpose: (1) to secure a party's compliance with the discovery rules (2) to deter other litigants from

4

violating the discovery rules, and (3) to punish parties who violate the discovery rules.

No. 01-A-01-9412-CH-00587, 1995 WL 643329, at *5 (Tenn. Ct. App. Nov. 3, 1995) (citing *Electronic Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 735 (Tex. Ct. App. 1993)). Rule 37.02(C) allows a default judgment to be entered against a disobedient party when that party fails to comply with an order to provide or permit discovery. *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 236 (Tenn. Ct. App. 1998).

The original complaint in this case was filed on October 15, 2012; final judgment was entered February 2017. The trial court entered default judgment at the end of a long history of Mr. Smoot's disobedience to court orders and demonstrated history of lack of respect for the discovery process. The court was more than accommodating to him, delaying ruling on the motion for sanctions for several years and permitting him additional time to respond. As previously stated, under the abuse of discretion standard, the trial court's decision is to be upheld barring the application of an incorrect legal standard or a decision so against logic or reasoning that it would cause injustice. The record before us belies such a determination.

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

RICHARD H. DINKINS, JUDGE