

FILED
**Aug 31, 2023**
**09:45 AM(CT)**
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| William Jones | )    Docket No.    2022-08-0248 |
| | ) |
| v. | )    State File No.   36038-2021 |
| | ) |
| Transforce, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Vacated and Remanded

---

This interlocutory appeal involves a discovery dispute focusing on Tennessee Rule of Civil Procedure 36. In response to the employer's second motion to deem matters admitted, the trial court concluded that the employee timely sent his responses to the requests but that the employer's counsel did not timely receive them. The court denied the employer's motion, and the employer has appealed. Upon careful consideration of the record, we vacate the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Mackenzie Keffalos, Brentwood, Tennessee, for the appellant, Transforce, Inc.

William Jones, Olive Branch, Mississippi, appellee, pro se

### Factual and Procedural Background

William H. Jones, Jr. ("Employee") alleged he suffered a work-related injury on January 15, 2021, when he was involved in a motor vehicle accident while driving a truck in the course and scope of his employment with Transforce, Inc. ("Employer"). Employer denied the claim, asserting that Employee did not provide proper notice of the accident and that the injury did not occur in the course and scope of the employment.

Following the issuance of a dispute certification notice, Employer sent Employee requests for admissions pursuant to Rule 36 of the Tennessee Rules of Civil Procedure. Thereafter, in November 2022, Employer filed a motion asking the court to deem certain

1

matters admitted based on the lack of timely responses from Employee. Employee responded that the requests were sent to an email address he does not use "for his workers' compensation case." Moreover, although Employee admitted that the physical address used by Employee's counsel was correct, he denied receiving the requests by U.S. mail. The court denied Employer's motion, noting that Employee listed a different email address on his petition for benefit determination. It then directed Employee to respond to the requests within thirty days of its order. That order was not appealed.

Employer sent Employee a second set of requests for admissions on April 6, 2023, which included five additional requests. On May 16, Employer filed another motion to deem matters admitted, asserting that Employee had failed to timely respond to its requests and that service to an opposing party's "last known address" is sufficient service under Rule 5.02 of the Tennessee Rules of Civil Procedure. On this occasion, Employer asked Employee to admit certain opinions expressed by a treating physician and to "[a]dmit that your injury is not causally related to your employment." Employer included as an exhibit to its motion a USPS tracking notification indicating that the "item" had been delivered to Employee's Mississippi address on April 13, 2023.

Employee responded in writing to Employer's motion on May 19, asserting he had sent his responses to Employer's requests for admissions on April 27, 2023, within the thirty-day deadline specified in Rule 36. He also asserted that "Employer cannot show that they have been prejudiced." He attached his responses to the requests as an exhibit to his response to Employer's motion.[1] He "denied" or "declined to answer" each request. He also argued that Employer had exceeded the number of requests for admissions allowed in Tenn. Comp. R. and Regs. 0800-02-21-.17 without leave of court.[2]

Following a telephonic motion hearing, the trial court again denied Employer's motion to deem matters admitted.[3] The trial court concluded that Employee "sent his responses on April 27" but that Employer "did not receive the responses until May 19." Employer has appealed.

---

[1] It is unclear from the record whether the attachment to Employee's motion response is a copy of the original discovery responses he purportedly forwarded to Employer's counsel on April 27 or whether they were his "amended" responses. In paragraph 2 of his motion response, Employee wrote that "after talking with the [ombudsman] attorney," he "prepared an amended response," which he attached but which is unsigned and undated.

[2] The rule provides, in pertinent part, that a party may not "serve more than . . . twenty (20) requests for admission on any party without approval of the judge. Any subpart is counted as its own request." Tenn. Comp. R. & Regs. 0800-02-21-.17(2)(b). Employer previously sent Employee sixteen separately-numbered requests for admissions, and the more recent requests added another five.

[3] Based on the transcription of the motion hearing included in the record, there is no indication that Employee was put under oath during the hearing or that either party offered into evidence any documentation for the court's consideration.

## Standard of Review

The interpretation and application of statutes and regulations are questions of law that we review *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). However, a trial court's decision to grant or deny a discovery motion is reviewed under an abuse of discretion standard. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005). This standard "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete, Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

Rule 36.01 of the Tennessee Rules of Civil Procedure allows any party to the litigation to serve upon any other party "a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 . . . that relate to (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents." Tenn. R. Civ. P. 36.01. We previously addressed Rule 36 in *Holt v. Quality Floor Coverings, LLC*, No. 2020-01-0787, 2022 TN Wrk. Comp. App. Bd. LEXIS 19 (Tenn. Workers' Comp. App. Bd. May 6, 2022), as follows:

> We conclude Rule 36 of the Tennessee Rules of Civil Procedure is self-executing. Once a party files written requests for admissions in accordance with Rule 36.01, those statements are automatically deemed admitted thirty days after the requests are served unless one of three things happens: (1) the party to whom the request is directed timely serves a response denying the request or objecting to the request; (2) the party to whom the request is directed timely asks the trial court to lengthen the time within which a response can be served and that request is granted; or (3) the party to whom the request is directed timely serves a response or objection and the other party files a motion asking the trial court to determine the sufficiency of the answers or objections. If none of those three things happens, the statements are deemed admitted and are considered conclusively established unless the party to whom the requests were directed later moves for withdrawal or amendment of the admission pursuant to Rule 36.02.

*Id.* at *5-6.[4]  We also stated, however, that "[a] trial court has the express authority to shorten or lengthen the time within which a party may respond to Rule 36 requests, *see* Rule 36.01, and it has the authority to allow a party to withdraw or amend any admissions under certain circumstances, *see* Rule 36.02."  *Id.* at *7.  *See, e.g.*, *Meyer Laminates (SE), Inc. v. Primavera Distrib.*, 293 S.W.3d 162, 166 (Tenn. Ct. App. 2008) ("[T]he clear language of [Rule 36] provides the trial court discretion to allow withdrawal or amendment.").

In the present case, the dispute hinges on whether Employee satisfied the mandates of Rule 36, which requires the responding party to "serve[] upon the party requesting the admission a written answer or objection addressed to the matter, *signed by the party*" within "30 days after service of the request."  Tenn. R. Civ. P. 36.01 (emphasis added).  Employer asserted it served upon Employee written discovery requests, including a second set of requests for admissions, on or about April 6, 2023, and those documents were delivered to Employee's Mississippi residence on April 13, 2023.  In his written response to Employer's motion to deem the matters admitted, Employee argued that he responded to the requests on April 27, within the thirty-day time frame required by Rule 36.  As noted above, however, Employee was not sworn in as a witness at the motion hearing.  His statements during the course of that hearing, therefore, are not evidence.  Furthermore, although Employee asserted during the motion hearing that he had emailed his responses to Employer's counsel, he offered no documentary evidence supporting that statement, such as a screenshot of his "sent" folder or an email "read receipt."  Employer's counsel denied having received Employee's email or his responses, and the court specifically determined that Employer did not receive Employee's responses until May 19, more than thirty days after the requests were sent or delivered.

Moreover, the copies of Employee's responses, which Employee attached to his written response to Employer's motion, are unsigned in contravention of Tennessee Rules of Civil Procedure 11.01, 26.07, and 36.01.  Rule 11.01 requires "[e]very pleading, written motion, and other paper" to be signed by an attorney representing the party or by a self-represented party.  Rule 26.07 provides that "[e]very request for discovery or response or objection thereto" shall be signed by an attorney representing the party or by a self-represented party.  The rule further states, "[i]f a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response or objection." (Emphasis added.) Finally, Rule 36.01 requires the responses or objections to be "signed by the party." Thus, we conclude that Employee has, to date, offered no evidence that he timely or appropriately responded to Employer's second set of requests for admissions.

---

[4] We further note that, in circumstances where the requests for admissions are served with the summons and complaint, the responding party has forty-five days, not thirty days, within which to respond or object.  Tenn. R. Civ. P. 36.01.

4

Here, it is unrefuted that Employer did not receive Employee's responses until May 19, approximately two weeks after they were due. What is not clear, however, is whether Employee *served* his responses timely. Under Bureau rules, and as pertinent to the present case, proper "service" of a document includes "electronic mail in PDF format (or other electronic means approved by the bureau)." Tenn. Comp. R. & Regs. 0800-02-21-.08.

As we noted in *Holt*, we will review a trial court's discovery orders under an abuse-of-discretion standard. *Holt*, 2022 TN Wrk. Comp. App. Bd. LEXIS 19, at *2. Rule 36 authorizes a court to grant additional time for responses to requests for admissions or, in the alternative, to allow a party to withdraw or amend any admissions. *Id.* at *7. Here, Employee has not come forward with any evidence to date supporting a conclusion that he complied with the requirements of Rule 36 by timely serving responses to Employer's requests, he did not sign his responses as required by Rules 36.01, 11.01, and 26.07, and he has not asked the trial court to allow him to withdraw and amend any admissions. Thus, we vacate the trial court's order denying Employer's motion, and we remand the case for any further proceedings as may be necessary.[5]

**Conclusion**

For the foregoing reasons, we vacate the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[5] On remand, there are several issues the court could consider, including but not limited to, whether it is beyond the scope of Rules 36.01 and 26.02 for one party to ask another party to "admit" to a conclusion of law, *see, e.g.*, *Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.3d 802, 813 (Tenn. Ct. App. 2021) ("A party is not ordinarily bound by admission[s] or averments of legal conclusions"), and whether a request to admit to an opinion expressed by an expert impacts the admitting party's ability to present evidence of contrary expert opinions. Another issue the court could consider is whether the total number of the statements Employer has asked Employee to admit exceeds Bureau regulations and, if so, what remedy is appropriate.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Jones | ) | Docket No.      2022-08-0248 |
| | ) | |
| v. | ) | State File No.    36038-2021 |
| | ) | |
| Transforce, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| William Jones | X | X | | X | 6764 Clarmore Drive<br>Olive Branch, MS 38654<br>jlwllm16@gmail.com |
| Mackenzie Keffalos | | | | X | mckeffalos@mijs.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov