IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2020 Session

## BARBARA LUNDELL v. LOIS HUBBS ET AL.

**Appeal from the Circuit Court for Knox County**
No. 3-263-17        Deborah C. Stevens, Judge

_____

**No. E2019-02168-COA-R3-CV**

_____

In this negligence action arising from the plaintiff's injuries sustained while attempting to traverse the aisle of a moving school bus, the trial court granted the defendants' motion for summary judgment following a determination that (1) the plaintiff had not demonstrated that the defendants had breached any duty of care to the plaintiff and (2) alternatively, any reasonable fact-finder could only conclude that the plaintiff was at least fifty percent (50%) at fault for her injuries. In so finding, the trial court declined to consider the plaintiff's captioned "Declaration" in part because it failed to meet the affidavit requirements of Tennessee Rule of Civil Procedure 56.06. In filing her "Declaration" in support of her opposition to summary judgment, the plaintiff sought to amend her prior deposition testimony concerning the location of her fall. The trial court additionally denied the plaintiff's "Motion to Deem Requests for Admission Admitted" after the plaintiff averred that the defendants had failed to respond to the plaintiff's initial requests for admission for over five-hundred days. The plaintiff has appealed. Having determined that genuine issues of material fact exist regarding the defendants' breach of duty of care and comparative fault, we reverse the trial court's granting of summary judgment in favor of the defendants and the trial court's finding that the plaintiff's "Declaration" should not be considered. We affirm the trial court's denial of the plaintiff's "Motion to Deem Requests for Admissions Admitted."

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Justin G. Day, Knoxville, Tennessee, for the appellant, Barbara Lundell.

Ellis A. Sharp, Knoxville, Tennessee, for the appellees, Lois Hubbs, Lois Hubbs Bus Lines, and Calvin Nicely.

# OPINION

## I. Factual and Procedural History

The plaintiff, Barbara Lundell, filed a complaint in the Knox County Circuit Court ("trial court") on July 25, 2017, naming as defendants Lois Hubbs, Lois Hubbs d/b/a Lois Hubbs Bus Lines ("the Bus Line"), and John Doe (collectively, "Defendants"). Ms. Lundell alleged that on September 13, 2016, she sustained injuries from falling while attempting to traverse the aisle of a moving school bus. According to undisputed facts in the record, Ms. Lundell was a bookkeeper at an elementary school who regularly volunteered as a school bus aide. Ms. Lundell alleged that the bus driver, later identified as Calvin Nicely who was employed by the Bus Line, carelessly and recklessly drove over a speed bump at an unsafe rate of speed, causing her to fall and sustain injuries. Ms. Lundell claimed that Mr. Nicely was liable under theories of negligence and negligence *per se* because he allegedly failed to observe the speed bump and maintain the bus under proper control.

In addition, Ms. Lundell averred that any negligence occasioned by Mr. Nicely would be imputed to Ms. Hubbs and the Bus Line. Furthermore, Ms. Lundell claimed that Ms. Hubbs and the Bus Line were liable for failing to properly hire, train, and supervise Mr. Nicely. Ms. Lundell stated that as a direct and proximate result of the incident, she had incurred severe and permanent injuries, medical expenses, loss of enjoyment of life, pain and suffering, lost past and future wages, and permanent scarring. She sought a total of not more than one million dollars in compensatory damages. Concomitant with filing her complaint, Ms. Lundell filed and sent a "First Request for Admissions" to Ms. Hubbs in her individual capacity and to the Bus Line. The requests for admissions contained, *inter alia*, a request for Defendants to admit fault with regard to the incident as well as a request for Defendants to admit that Ms. Lundell was not at fault.

Defendants filed an answer on December 21, 2017, denying liability and all substantive allegations. On March 22, 2018, the trial court entered an agreed order allowing Ms. Lundell to file an amended complaint, officially naming Mr. Nicely as the driver of the bus. Accordingly, Mr. Nicely filed an answer to the amended complaint on July 16, 2018, thereby denying liability and all substantive allegations. Mr. Nicely asserted the doctrine of comparative negligence as an affirmative defense.

Defendants filed a motion for summary judgment on November 26, 2018, asserting that because the undisputed facts demonstrated that Mr. Nicely was not exceeding the speed limit and that Ms. Lundell was traversing the aisle of the moving bus in a non-emergency situation, Ms. Lundell was at least fifty percent at fault for her purported injuries. As a result thereof, Defendants postulated that Ms. Lundell could not prove the essential elements of breach of duty of care and causation. In support of the motion for

summary judgment, Defendants filed a statement of undisputed facts and memorandum of law. On January 25, 2019, the parties entered an agreed order continuing a hearing on the motion for summary judgment to permit Ms. Lundell an opportunity to conduct further discovery, including the taking of depositions.

Ms. Lundell filed her "Motion to Deem Requests for Admissions Admitted" on April 25, 2019, asserting in relevant part that Defendants had not responded to her initial requests for admissions or her attempts to schedule depositions. Ms. Lundell thereby asked that the trial court deem admitted the "questions" in the requests for admissions. On April 29, 2019, Defendants filed a motion seeking additional time to file responses to Ms. Lundell's requests for admissions. Defendants argued that although they had received a copy of the complaint, they had not received a copy of the requests for admissions. Defendants filed a subsequent motion on May 16, 2019, seeking an extension of time in which to respond to Ms. Lundell's discovery requests. On the same day, Ms. Lundell filed a motion to compel Defendants to appear for depositions, along with a response opposing Defendants' motion for an extension of time. On May 17, 2019, the trial court conducted a hearing on all pending motions except the motion for summary judgment. The court granted an extension of time to respond to certain discovery requests.[1] The Bus Line filed a response to Ms. Lundell's requests for admissions on May 24, 2019.

On May 31, 2019, the trial court entered an order denying the "Motion to Deem Requests for Admissions Admitted." The court entered a subsequent order on June 17, 2019, deeming Ms. Lundell's motion to compel moot based on the previous ruling affording Defendants an extension of time to respond to her discovery requests.

Defendants filed a supplemental motion for summary judgment on October 15, 2019, attaching pertinent portions of Ms. Hubbs's deposition in support thereof. Defendants concomitantly filed a supplemental statement of undisputed material facts.

On November 8, 2019, Ms. Lundell filed a response to Defendants' statement of undisputed material facts, along with a memorandum of law in opposition to their summary judgment motion. Notably, as an attachment to her memorandum, Ms. Lundell included a document captioned, "Declaration of Barbara Lundell," ("the Declaration"), dated March 27, 2019, wherein she stated in part that she was "nervous" during her deposition and incorrectly identified the location where the incident occurred. Ms. Lundell further noted in the Declaration that it was not until "[r]oughly five days after the deposition, I remembered that the incident occurred at a different location on the bus route." She related that the correct location of the incident was "on the speed bump at the bottom of a hill on

---

[1] A copy of the court's ruling in favor of Defendants' motion for an extension of time to respond to Ms. Lundell's requests for admission does not appear in the appellate record. However, the trial court noted its ruling to that effect in a subsequent order entered on June 17, 2019, as well as in a written order entered on February 26, 2020.

Cassell Drive," a speed bump along the bus route, different from her originally identified location.

The Declaration included a concluding statement, "I declare under the penalty of perjury that the foregoing is true and correct," followed by Ms. Lundell's signature. An additional attached page indicated that it was also electronically signed by Ms. Lundell. Attendant to the Declaration were twelve photographs purportedly depicting the location where the incident occurred. Although the entire Declaration was attached to the memorandum in opposition to summary judgment, the document itself was not marked as an attachment and did not bear an exhibit identification or notary acknowledgment.

On November 15, 2019, the trial court conducted a hearing regarding Defendants' motion for summary judgment. Upon conclusion, the trial court issued an oral ruling finding Ms. Lundell to be more than fifty percent at fault and noting that a written order would be subsequently entered.

The trial court entered an order on November 28, 2019, granting Defendants' motion for summary judgment and enumerating undisputed facts and applicable conclusions of law. Among the conclusions of law was the court's determination that the Declaration did not satisfy the requirements of an affidavit, pursuant to Tennessee Rule of Civil Procedure 56.06, because it was not conducted in the presence of a person having authority to administer an oath or affirmation. The trial court further determined that assuming, *arguendo*, that the Declaration had satisfied Rule 56.06, Ms. Lundell "would still have the issue of overcoming the 'cancellation rule.'" The court explained that the cancellation rule stands for the proposition that "[c]ontradictory statements regarding a single fact will cancel each other" and "applies when the inconsistency is unexplained and neither version of the testimony is corroborated." The trial court concluded that it would not consider the Declaration, adding that even if it were to be considered, the Declaration "does not address the primary issue of breach of a duty."

The trial court further determined that Ms. Lundell's fault was equal to or greater than Defendants' fault because Ms. Lundell "was in the best position to protect herself[] from the common-sense danger of walking in the aisle of a moving school bus." The trial court therefore concluded that Ms. Lundell had failed to prove that Defendants breached any duty of care to her "and alternatively, that any reasonable factfinder could only conclude that [Ms. Lundell] was at least 50% at fault for her injuries, thus barring her recovery under *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992)."

Ms. Lundell timely filed her notice of appeal and an amendment thereto.[2] In turn, the parties each submitted their respective designations of record. Defendants objected to

---

[2] Ms. Lundell amended her notice of appeal to include an appeal from the trial court's May 31, 2019 order denying her "Motion to Deem Requests for Admissions Admitted."

Ms. Lundell's designation of record, arguing, among other points, that Ms. Lundell sought to improperly include information and pleadings from a separate, unrelated case that purportedly demonstrated opposing counsel's alleged history of addressing requests for admission. Ms. Lundell responded to Defendants' objections by filing a motion to supplement the record with the aforementioned pleadings. The trial court subsequently entered an order on February 26, 2020, denying Ms. Lundell's motion to supplement the record with the pleadings, stating in relevant part that it did "not believe that it [was] proper to supplement the record with pleadings from a separate case that Ms. Lundell made no effort to place in the record in the present case." The trial court further noted that the pleadings from the separate case were not considered by the court when it denied Ms. Lundell's motion to deem requests for admissions admitted.

Upon Ms. Lundell's motion, this Court granted leave to file an amended appellate brief. Ms. Lundell subsequently filed an amended brief containing information concerning the aforementioned separate, unrelated case that the trial court previously declined to certify as a part of the record. On July 6, 2020, Defendants filed a "Motion to Strike and/or Dismiss," wherein Defendants requested that this Court strike portions of Ms. Lundell's amended brief and reply brief, alleging that Ms. Lundell had failed to comply with the Tennessee Rules of Appellate Procedure by "relying on information not contained in the appellate record." Furthermore, Defendants asked that this Court, pursuant to its authority under Tennessee Rule of Appellate Procedure 26(b), dismiss Ms. Lundell's appeal of the order denying her "Motion to Deem Requests for Admissions Admitted" for failure to comply with Tennessee Rule of Appellate Procedure 24. Ms. Lundell filed a response in opposition. This Court entered an order on July 21, 2020, deferring to the assigned panel the questions of whether the appeal of the trial court's order denying Ms. Lundell's "Motion to Deem Requests for Admissions Admitted" should be dismissed or portions of the brief should be stricken.

## II. Issues Presented

Ms. Lundell presents the following issues on appeal, which we have reordered and slightly restated as follows:

1. Whether the trial court erred by declining to accompany its denial of Ms. Lundell's "Motion to Deem Requests for Admissions Admitted" with findings of fact or a finding that Defendants' neglect was excusable.

2. Whether the Declaration complied with the applicable rule(s) of civil procedure and established genuine issues of material fact such that the trial court improperly granted summary judgment.

3.    Whether the trial court erred by making a determination of Ms. Lundell's comparative fault at the summary judgment stage of the proceedings.

## III.  Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)).  As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Rye*, 477 S.W.3d at 250.  As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.  We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id.*  When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03.  "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial."  Tenn. R. Civ. P. 56.06.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348 [89 L.Ed.2d 538 (1986)].  The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.  If a summary judgment motion

is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265)). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

Concerning a trial court's determination of a party's Tennessee Rule of Civil Procedure 36 request for admissions, this Court has previously explained:

Under Rule 36.01, when a request for admissions is properly filed, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney[.]" Tenn. R. Civ. P. 36.01 []. Rule 36.02 provides, however, that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." As such, this Court has previously held that "the clear language of [Rule] 36 provides the trial court discretion to allow withdrawal or amendment of matters deemed admitted because of a party's failure to timely provide answers to a request for admission, including when no response has been provided by a party[.]" *Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.*, 293 S.W.3d 162, 166 (Tenn. Ct. App. 2008).

*Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 WL 410702, at *12 (Tenn. Ct. App. Jan. 31, 2019).

This Court reviews issues concerning pretrial discovery under an abuse of discretion standard of review. *See Lee Med. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Likewise, we also review a trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005). "[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005).

## IV. Ms. Lundell's Amended Brief

As a preliminary matter, we first address the question concerning Ms. Lundell's amended brief on appeal. Prior to oral arguments, Ms. Lundell requested leave to file an amended appellate brief. This Court subsequently granted Ms. Lundell's request, and Ms. Lundell filed an amended brief, containing, among other items, information related to "*Carr*," a separate pending case in the Knox County Circuit Court. In response to Ms. Lundell's filing her amended brief, Defendants filed a motion to strike portions of the brief or, in the alternative, to dismiss the appeal. Defendants contended that Ms. Lundell included in her amended brief information about "*Carr*" that was not included in the appellate record as a result of the trial court's February 26, 2020 order denying Ms. Lundell's motion to supplement the record. This Court deferred to the panel the issue of whether portions of Ms. Lundell's brief should be stricken or whether the appeal of the trial court's order denying Ms. Lundell's motion to supplement the record should be dismissed altogether.

Ms. Lundell sought to include the information from "*Carr*" to establish the opposing counsel's "history of . . . carelessness" concerning responses to requests for admissions. In its order, the trial court stated that it "does not believe that it is proper to supplement the record with pleadings from a separate case that [Ms. Lundell] made no effort to place in the record in the present case." The trial court further stated in its order that the pleadings from "*Carr*" were not considered by the court when it denied Ms. Lundell's motion to deem requests for admissions admitted.

We note that the trial court's determination in this regard is afforded "great deference," because

> [t]he procedure for correction or modification of the record reflects the policy of avoiding technicality and expediting a just resolution on the merits by according deference to the trial court's decision on which matters are properly includable in the record, thereby avoiding additional litigation on that subject alone. The specific purpose of Rule 24 is accommodated as well,

since the trial judge is in the best position to determine which matters are necessary to "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." *See also Artrip v. Crilley*, 688 S.W.2d 451, 453 (Tenn. [Ct.] App. 1985).

*Nesmith v. Clemmons*, No. M2017-02521-COA-R3-CV, 2019 WL 5847286, at *3 (Tenn. Ct. App. Nov. 7, 2019) (quoting *Bradshaw v. Daniel*, 854 S.W.2d 865, 868-69 (Tenn. 1993)). Moreover, this Court has previously explained that "[t]rial courts have the inherent authority to control their dockets and the proceedings before them, and reviewing courts will not second-guess a trial court's exercise of that authority unless it has acted unreasonably, arbitrarily, or unconscionably." *Reinhart v. Geico Ins.*, No. M2009-01989-COA-R3-CV, 2010 WL 3852048, at *5 (Tenn. Ct. App. Sept. 28, 2010) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003)). We accordingly review the trial court's determination employing an abuse of discretion standard. *See Brown v. Mapco Exp., Inc*, 393 S.W.3d 696, 700 (Tenn. Ct. App. 2012) (citing *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001)).

Upon thorough review of the record, we determine that the trial court did not abuse its discretion when it denied Ms. Lundell's motion to supplement the record with pleadings and information related to "*Carr*." The record supports the trial court's finding that the pleadings and information concerning the separate action were not presented to the trial court for consideration, and Ms. Lundell made no effort to lodge the pleadings in the record below. As this Court has previously explained:

> The briefs of the parties and their statements during oral argument may be of value for the purpose of illuminating or explaining the record for the benefit of the appeals court, but they are not part of the record itself. *State v. Thompson*, 832 S.W.2d [577,] 579 [(Tenn. Crim. App. 1991)]. <u>To the extent they allege facts which are not contained in the record, or which contradict the record, we may not even consider them</u>.

*Reinhart*, 2010 WL 3852048, at *5 (emphasis added). Having determined that the trial court properly ruled that information concerning "*Carr*" would not be included in the record, we further determine that to the extent similar information appears in Ms. Lundell's amended brief, "we may not even consider" it inasmuch as it is not contained in the record. *See id*.[3]

---

[3] We note that in her amended brief, Ms. Lundell additionally cites to *Carlen v. Jackson*, No. M2000-02564-COA-R3-CV, 2001 WL 1090513 (Tenn. Ct. App. Sept. 19, 2001), in part for essentially the same reasons that she sought consideration of "*Carr*." To the extent that Ms. Lundell cites to *Carlen* to establish opposing counsel's alleged history of addressing requests for admissions in other cases, we decline to consider it for the same reasons we decline to consider information related to "*Carr*." However, insofar as Ms. Lundell cites to *Carlen* for any precedential value in support of her argument that the trial court erred by denying

V.  Denial of Ms. Lundell's Rule 36 Motion

Ms. Lundell contends that the trial court erred when it denied her April 25, 2019 "Motion to Deem Requests for Admissions Admitted." We emphasize that the trial court's disposition of Ms. Lundell's motion is entitled to deference, *see Meyer Laminates (SE), Inc. v. Primavera Distrib.*, 293 S.W.3d [162,] 166 [(Tenn. Ct. App. 2008)], and should be undisturbed absent an abuse of discretion, *see Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *4 (Tenn. Ct. App. Jan. 5, 2004) (noting that decisions involving pre-trial discovery "will not be overturned by an appellate court unless the trial court clearly abused its discretion") (citing *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992)). Upon careful review, we determine that the trial court did not abuse its discretion when it denied Ms. Lundell's motion to deem the requests for admissions admitted.

Tennessee Rule of Civil Procedure 36 governs requests for admissions. Rule 36.01 states in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02 set forth in the request that relate to (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents.

Rule 36.02 provides in relevant part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Ms. Lundell cites to several cases in which this Court affirmed trial court determinations deeming admitted unanswered requests for admissions when the delay was of shorter duration than the delay in the present case, including *Carlen v. Jackson*, No. M2000-02564-COA-R3-CV, 2001 WL 1090513 (Tenn. Ct. App. Sept. 19, 2001) and *Porter v. Melton*, No. 02A01-9107-CV-00125, 1992 WL 29821 (Tenn. Ct. App. Feb. 21,

---

her motion to deem requests for admissions admitted, we will accordingly address it in the following section of this opinion.

1992).  To the extent that Ms. Lundell cites *Carlen* as controlling in support of her argument that the trial court erred by declining to deem the requests for admission admitted in the case at bar, we determine *Carlen* to be distinguishable.

In *Carlen*, the defendant did not file a response to the plaintiff's requests for admissions but relied on the affirmative defense of comparative fault.  *Id*. at *1.  However, because Tennessee Code Annotated § 20-1-119 (Supp. 2020) required the plaintiff to amend his answer to add any additional parties within ninety days, the plaintiff was prejudiced by his inability to add any parties without the defendant's responses to the requests for admissions.  *Id*. at *2.  The plaintiff therefore filed a motion for partial summary judgment regarding the defendant's affirmative defense, which the trial court granted and this Court affirmed.  *Id*.  In the present case, the time constraints contained in Tennessee Code Annotated § 20-1-119 are inapplicable to the facts.  Nor is Ms. Lundell seeking only to bar Defendants from establishing an affirmative defense.  Instead, through her motion to deem requests for admissions admitted, Ms. Lundell seeks to establish Defendants' liability.  For these reasons, we determine Ms. Lundell's reliance on *Carlen* to be inapposite.

Ms. Lundell also relies on *Porter*, 1992 WL 29821, in support of her contention.  In *Porter*, the plaintiff filed two sets of requests for admissions following the filing of the complaint, and the defendant never responded to the second.  *Id*. at *1.  The plaintiff subsequently filed a motion requesting that the trial court deem admitted the matters contained in the requests.  *Id*.  The trial court never granted the plaintiff's motion, and the case was presented to a jury.  *Id*.  Following the trial court's denial of the plaintiff's motion for a new trial, the plaintiff appealed.  *Id*. at *2.  On appeal, this Court reversed, determining that the trial court erred by not ruling on the plaintiff's motion, resulting in substantial prejudice to the plaintiff.  *Id*. at *4.

We likewise determine *Porter* to be distinguishable from the case at bar.  Notably in *Porter*, the trial court never ruled upon the plaintiff's motion to deem unanswered requests for admission admitted, *id*. at *1, a significant circumstance because had the trial court disposed of the plaintiff's motion, the trial court's determination would have been entitled to deference on appeal.  *See Meyer Laminates, Inc.*, 293 S.W.3d at 166 ("[T]he clear language of Tenn. R. Civ. P. 36 provides the trial court discretion to allow withdrawal or amendment of matters deemed admitted because of a party's failure to timely provide answers to a request for admission, including when no response has been provided by a party who has received a request for admission.").  In the instant action, the trial court, unlike in *Porter*, made a determination on the issue of Ms. Lundell's motion to deem requests for admissions admitted when it granted Defendants' motion for extension of time to respond to Ms. Lundell's requests and when it denied her motion in its May 31, 2019 order.  Ms. Lundell's reliance on *Porter* is unavailing.

This Court has previously explained that the following two-pronged test is incorporated when analyzing and applying Rule 36.02:

> Thus, to be entitled to withdraw or amend the admissions at issue [the moving party] must establish that the presentation of the merits of this action will be subserved by such withdrawal or amendment *and* that [the non-moving party] failed to prove that doing so will prejudice [the non-moving party].
>
> * * *
>
> Our reading of Rule 36.02 leads us to conclude that both prongs must be established for [the moving party] to be entitled to relief under the rule.

*Hutcheson v. Irving Materials, Inc.*, No. M2002-03064-COA-R3-CV, 2004 WL 419722, at *3-4 (Tenn. Ct. App. Mar. 8, 2004); *see also Ross v. Orion Fin. Grp., Inc.*, No, M2018-00991-COA-R3-CV, 2019 WL 1084286, at *15-16 (Tenn. Ct. App. Mar. 7, 2019) (employing the two-prong test in determining whether the trial court abused its discretion when ruling on a Rule 36.02 motion). Discerning the second of the two prongs to be determinative in this action, we address it alone.

Ms. Lundell asserts that she was prejudiced for two reasons. First, she argues prejudice because the trial court "summarily denied" her motion to compel Defendants' depositions. Second, she contends that "had [Ms. Lundell's] requests for admission been deemed admitted, this appeal would likely have been unnecessary because . . . the relevant facts would have been conclusively established." Regarding her first postulate, Ms. Lundell refers several times throughout her appellate brief to the trial court's having erred by not including findings of fact with its rulings on the discovery motions, including the motion to compel Defendants' depositions, Defendants' motion for extension of time, and Ms. Lundell's motion to deem requests for admissions admitted. We disagree.

Tennessee Rule of Civil Procedure 52.01 governs the circumstances under which a trial court is required to make findings of fact. Rule 52.01 provides in relevant part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6)" (emphasis added). Because the trial court's decision regarding Ms. Lundell's motion to deem requests for admissions admitted was not a ruling concerning a Rule 41.02 motion for involuntary dismissal or a Rule 65.04(6) temporary injunction, we determine that it was not necessary for the trial court to make associated findings of fact.

Concerning Ms. Lundell's second assertion, she essentially argues that the trial court should have granted her motion to deem requests for admissions admitted because had the trial court done so, she would have prevailed on the ensuing motion for summary judgment.

- 12 -

The second prong of Rule 32.02 requires a showing that Defendants' "withdrawal or amendment will prejudice [the opposing] party in maintaining the action or defense on the merits." *See Bowers v. Estate of Mounger*, 542 S.W.3d 470, 485 (Tenn. Ct. App. 2017) (citing Tenn. R. Civ. P. 36.02). Ms. Lundell did not demonstrate how she would have been prejudiced in maintaining her action on the merits by the trial court's decision to allow Defendants' responses to her requests for admissions.

Our review of the record evinces that the trial court's ruling on the motions had little effect on Ms. Lundell's ability to maintain the action, including the issues of negligence attributable to Defendants. Inasmuch as the second prong of the Rule 36.02 analysis has not been established, we determine that the trial court did not abuse its discretion when it granted Defendants' motion for extension of time, denied Ms. Lundell's motion to compel, and denied Ms. Lundell's motion to deem requests for admissions admitted. *See Hutcheson*, 2004 WL 419722, at *4.

This Court has previously determined that a trial court did not abuse its discretion when it denied a plaintiff's motion to deem requests for admissions admitted after the defendant had not responded to requests for over thirty days. *See Ruff*, 2003 WL 21729442, at *4 (determining that the trial court did not abuse its discretion when it expressly stated its preference to "try cases on the merits" instead of deeming requests for admission admitted and thereby denying the plaintiff's motion). In *Ruff*, we stated that "[t]he plain language of Rule 36.01 allows the court to shorten or extend the time in which to file a response." *Id*. at *3. Similar to the trial court in *Ruff*, the trial court in the case at bar granted Defendants' extension of time to respond to Ms. Lundell's requests for admissions, and accordingly denied Ms. Lundell's motion to deem requests for admissions admitted. For the foregoing reasons, we determine that the trial court did not abuse its discretion in this regard.[4]

## VI. The Declaration

Ms. Lundell posits that the trial court erred by declining to consider the Declaration, which was filed concomitantly with her memorandum in opposition to summary judgment. The Declaration contained the following:

I, Barbara Lundell, declare the following:

---

[4] Ms. Lundell additionally asserts that the trial court erred by denying her motion to deem requests for admissions admitted because Defendants did not have sufficient grounds to withdraw or amend their responses to Ms. Lundell's requests for admissions. Having determined that the trial court acted within its proper discretion when it granted Defendants' extension of time to respond to Ms. Lundell's request and when it denied Ms. Lundell's motion to deem requests for admission admitted, we determine this argument to be unavailing.

1. I am over 18 years of age, and I have personal knowledge of the facts herein.

2. I was deposed by defense attorney Sandy Sharp on September 27, 2018.

3. I was extraordinarily nervous during this deposition.

4. During the deposition, Mr. Sharp showed me photos that he took of the bus route for school bus #144.

5. While being shown these photos, I incorrectly identified the location on the bus route where the incident occurred.

6. Roughly five days after the deposition, I remembered that the incident occurred at a different location on the bus route.

7. I then personally drove over the bus route to verify the exact location where the incident occurred.

8. The incident occurred on the speed bump at the bottom of a hill on Cassell Drive, which is on the bus route after the bus turns off of Gap Road.

9. I have attached photos of this location as Exhibit A.

The Declaration concluded with the following statement: "I declare under the penalty of perjury that the foregoing is true and correct." The Declaration was signed by Ms. Lundell and dated.

Relative to the Declaration, the trial court's order stated as follows:

[Ms. Lundell] filed a document in support of her Motion for Summary Judgment that is titled a Declaration. The Response to the Motion for Summary Judgment was filed on November 18, 2019. The Declaration appears to have a date of March 27, 2019. The Declaration is not an Affidavit as required by [] Rule 56.06 of the Tennessee Rules of Civil Procedure. Affidavits are not simple statements from a witness. An affidavit is a declaration or statement that is confirmed by oath or affirmation by the party making the statement and taken before a person having authority to administer such oath or affirmation. *Moore v. Walwyn*, No. 01A01-9507-CV-00295, 1996 WL 17143, at *2 (Tenn. Ct. App. Jan. 19, 1996) (citing Black's Law Dictionary 58 (6th ed. 1990)). [Ms. Lundell] knew the Motion

for Summary Judgment was pending at the time that the Declaration was made in March of 2019 and when it was attached to the Response in Opposition to the Motion for Summary Judgment in November of 2019, it was in the same format and not converted to an affidavit.

\* \* \*

For all the technical defects in the Declaration of Barbara Lundell, this Court does not believe it is proper to consider the March 2019 declaration as sufficient evidence to defeat the Motion for Summary Judgment.

(Paragraph numbering omitted.)

Tennessee Rule of Civil Procedure 56.06, upon which the trial court relied in declining to consider the Declaration, provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Expert opinion affidavits shall be governed by Tennessee Rule of Evidence 703.

Ms. Lundell argues that declarations may be used to oppose motions for summary judgment and cites to a litany of cases in support thereof. She also posits that Tennessee Rule of Civil Procedure 72 permits declarations to be used to oppose motions for summary judgment. We agree. Rule 72 provides:

Whenever these rules require or permit an affidavit or sworn declaration, <u>an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration</u>. Such declaration must be signed and dated by the declarant and must state in substantially the following form: "I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct."

(Emphasis added.)

Construed together with Rule 56.06, Rule 72 permits a party to file an unsworn declaration in support of or in opposition to a motion for summary judgment because Rule 56.06 "require[s] or permit[s] an affidavit" to be filed concomitantly therewith, demonstrating a genuine issue of material fact. Furthermore, our review of the Declaration demonstrates that it was made under the penalty of perjury, signed, dated, and inclusive of the required language. Our research reveals that parties not infrequently support and oppose motions for summary judgment with unsworn declarations. *See e.g.*, *Clark v. Tenn. Farmers Mut. Ins. Co.*, No. E2019-00746-COA-R3-CV, 2020 WL 1900421, at *2 (Tenn. Ct. App. Apr. 17, 2020) ("In addition to its motion [for summary judgment], Tennessee Farmers attached . . . a declaration by . . . a representative of Tennessee Farmers . . . ."); *ORNL Fed. Credit Union v. Estate of Turley*, No. E2019-00861-COA-R3-CV, 2020 WL 1652573, at *1 (Tenn. Ct. App. Apr. 3, 2020) (noting that the defendant's summary judgment motion "was supported by a statement of undisputed material facts, a declaration under the penalty of perjury, and transcripts of the depositions . . . ."); *Webster ex rel. Webster v. Metro. Gov't. of Nashville*, No. M2018-00106-COA-R3-CV, 2019 WL 169137, at *5 (Tenn. Ct. App. Jan. 11, 2019) (determining that the trial court did not err by denying the plaintiff's objection to the defendant's declaration, filed pursuant to Rule 72, in support of its motion for summary judgment). We therefore determine that the trial court erred by not considering the Declaration filed in opposition to Defendants' motion for summary judgment.

Additionally, the trial court declined to consider the Declaration by reason of the "cancellation rule." The order states in relevant portion:

> Even if the declaration was considered an Affidavit, [Ms. Lundell] would still have the issue of overcoming the "cancellation rule" as adopted by the courts of this state. Contradictory statements regarding a single fact will cancel each other. "If parties in court were permitted to assume inconsistent positions in trial of their cause, the usefulness of courts of justice would in most cases be paralyzed." *Stample v. Venable*, 97 S.W. 812, 813 (Tenn. 1906). See also, *Sipe v. Porter*, No. E2002-02938-COA-R9-CV, 2003 WL 22455948, at *3 (Tenn. Ct. App. Oct. 30, 2003). The cancellation rule applies when the inconsistency is unexplained and neither version of the testimony is corroborated. *Johnson v. Cincinnati N.O. & T.P. Ry. Co.*, 240 S.W. 429, 436 (1922). In this case, [Ms. Lundell] has not addressed the impact of the cancellation rule. She alleges that she was confused when she gave her first deposition, and assuming this is correct, she must still provide corroboration of the fact that she now asserts. "For his testimony to prove it is no stronger than his testimony to disprove it, and it would be mere caprice in [a] jury upon such evidence to decide it either way." *Id*.

(Paragraph numbering omitted.)

As this Court has previously elucidated with regard to the cancellation rule:

> The Tennessee Supreme Court has characterized mutually contradictory statements by the same witness as "no evidence" of the fact sought to be proved. *See Johnston v. Cincinnati N.O. & T.P. Ry.,* 146 Tenn. 135, 160, 240 S.W. 429, 436 (1922). However, in order to be disregarded under the so-called cancellation rule, the allegedly contradictory statements must be unexplained and neither statement can be corroborated by other competent evidence. *See State v. Matthews,* 888 S.W.2d at 450; *Gambill v. Middle Tenn. Med. Ctr.,* 751 S.W.2d at 151. When the cancellation rule is invoked at the summary judgment stage to challenge evidence opposing the motion, the courts must view the challenged evidence in the light most favorable to the opponent of the motion.

*Church v. Perales*, 39 S.W.3d 149, 170 (Tenn. Ct. App. 2000). Furthermore, "[u]nder the cancellation rule, when a witness makes contradictory statements on the same question of fact, the statements cancel each other and, therefore, do not amount to evidence of the fact." *Lynch v. Portis*, No. W2012-00243-COA-R3-CV, 2012 WL 3646199, at *3 (Tenn. Ct. App. Aug. 27, 2012) (citing *Rochelle v. Grange Mut. Cas. Co.*, No. M2011-02697-COA-R3-CV, 2012 WL 3104901, at *7 (Tenn. Ct. App. July 31, 2012)).

This Court in *Lynch* further explained the parameters of the cancellation rule as follows:

> As we stated in *Rochelle,* however, "'this rule is actually more narrow than it would appear to be.'" *Id.* Application of the cancellation rule may be "blocked" by corroborating evidence. *Id.* Further, the rule may not be applied where the inconsistency is explained. *Id.* As we observed in *Rochelle,*
>
>> [n]o sensible decision holds that a witness's testimony on a fact is automatically discounted simply because the witness contradicted himself or herself on that fact. Rather, the court assesses whether there is an explanation for the inconsistency and whether either version is corroborated by other evidence. The courts recognize that testimony may have value even though it has been both affirmed and denied if the contradiction is explained and shown to be the product of misunderstanding or inadvertence.

*Id.* at *3-4.

- 17 -

As Ms. Lundell correctly points out, this Court has previously stated that an explanation of a contradictory statement "can take many forms." *See Rochelle v. Grange Mut. Cas. Co.*, No. M2011-02697-COA-R3-CV, 2012 WL 3104901, at *7 (Tenn. Ct. App. July 31, 2012). The *Rochelle* Court noted several instances when an explanation sufficed to avoid application of the cancellation rule:

> For example, one deponent in one deposition denied repeating a rumor, then admitted the repetition in a second deposition a year later. The court held the cancellation rule did not apply because the deponent had refreshed his recollection in the interim between the two depositions. In another case, a witness who had given contradictory statements prior to trial explained in his testimony that he had been threatened and therefore felt he had to exonerate the defendants when making his earlier statements, which were untrue.

*Id.* at *7.

Our review of the case at bar and applicable authorities leads to the conclusion that although Ms. Lundell originally testified in her deposition that the incident occurred at the "second speed bump on the bus route," she provided a sufficient explanation for her later contradictory statements. As Ms. Lundell explained in the Declaration, she was "extraordinarily nervous" during her deposition and, as a consequence, she incorrectly identified the location along the bus route where the incident occurred. To corroborate her statements, Ms. Lundell attached several photographs depicting the Cassell Drive speed bump and stated under penalty of perjury that she "personally drove over the bus route to verify the exact location where the incident occurred." As a result of refreshing her recollection by reenacting the bus route, Ms. Lundell related that the incident actually occurred at a different location along the bus route.

As this Court has previously explained:

> When the testimony of a witness is susceptible of multiple interpretations, one of which would produce no inconsistency, we are reluctant to apply the "cancellation rule." *See Gambill v. Middle Tenn. Med. Ctr., Inc.,* 751 S.W.2d 145, 151 (Tenn. Ct. App. 1988). Instead, "the meaning of relevant oral statements made by or to a party . . . is a fact question for a jury to consider in weighing the possible contradictions in and credibility of the testimony of the witness, rather than a law question for determination by the Trial Judge on motion for summary judgment or directed verdict." [*Id.*] (citing *Ark. River Packet Co., v. Hobbs,* 105 Tenn. 29, 58 S.W. 278 (1900)); *see also Ledford v. Francis,* 1988 WL 132686, at *4-5, 1988 Tenn. App. LEXIS 813, at *13-14 (Tenn. Ct. App. Dec.14, 1999).

*Helderman v. Smolin*, 179 S.W.3d 493, 505 (Tenn. Ct. App. 2005).

Considering the evidence "in the light most favorable to the opponent of the motion," *see Church*, 39 S.W.3d at 170, we determine that Ms. Lundell's statements regarding the location of the incident along the bus route "is a fact question for a jury to consider in weighing the possible contradictions in and credibility of the testimony of" Ms. Lundell. *See Helderman*, 179 S.W.3d at 503 (quoting *Gambill v. Middle Tenn. Med. Ctr., Inc.*, 751 S.W.2d 145, 151 (Tenn. Ct. App. 1988)). We therefore determine that the trial court erred by applying the cancellation rule in declining to consider the Declaration in connection with Ms. Lundell's opposition to summary judgment.

VII. Grant of Summary Judgment

Having determined that the Declaration met the requisite procedural requirements and should have been considered by the trial court, we will proceed to analyze whether statements contained in the Declaration, combined with other evidence in the record, established any genuine issues of material fact. Ms. Lundell asserts that the trial court erred by granting Defendants' motion for summary judgment because a genuine issue of material fact existed concerning breach of duty of care. We agree with Ms. Lundell on this issue.

As our Supreme Court has previously instructed with reference to negligence:

As we have frequently observed, a negligence claim requires a plaintiff to prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993). The duty element is a question of law requiring the court to determine "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." *Id.* at 870 (quoting W. Page Keeton, *Prosser & Keeton on Torts,* § 37 at 236 (5th ed.1984)). Appellate review of a question of law is de novo. *Bradshaw,* 854 S.W.2d at 870.

In analyzing duty, the court must balance the foreseeability and gravity of the potential risk of harm to a plaintiff against the burden imposed on the defendant in protecting against that harm. *McClung v. Delta Square Ltd. Partnership,* 937 S.W.2d 891, 902 (Tenn.1996). A "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995).

- 19 -

*Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998).

Concerning this issue, the trial court's order on summary judgment provided:

Even if this Court viewed the challenge[d] evidence in the light most favorable to the opponent of the motion for summary judgment, it still does not address the primary issue of breach of a duty. The declaration challenges whether the accident occurred at the first or second speed bump, but there is nothing in the declaration that addresses [Ms. Lundell's] allegation that the driver of the bus breached his duty by travelling at a high rate of speed. A fair reading of the deposition of [Ms. Lundell] is that the first speed bump occurs shortly after the first stop to let children off the bus. After the first speed bump, [Ms. Lundell] identifies a curve. When she is asked if the bus needs to slow down to take the curve, she says that the bus is not normally going very fast because it had really just started to move. In her deposition, [Ms. Lundell] testified that she knew they had gone over the first speed bump and that they were getting ready to go over the second speed bump. She then testifies, that "The way I knew we were always coming up on speed bumps was – especially the second one. Not so much the first one, but the second one especially – the bus drivers would be slowing down to go over it, and we were not slowing down." "I think I stated before every bus driver [] slowed down at that speed bump and he did not." Even if the Court were to consider the declaration to establish that the speed bump was the first speed bump, nothing in the affidavit establishes that Mr. Nicely breached any duty in approaching the first speed bump. The testimony establishes that the first speed bump is in close proximity to the first stop and the bus is only beginning to accelerate such that the bus does not need to slow down for the curve that occurs immediately after the first speed bump. Nothing in the evidence in opposition to the motion for summary judgment establishes that the bus driver is traveling at an inappropriate speed at the first speed bump. The only testimony from [Ms. Lundell] with regard to the first speed bump establishes that the bus was not even to the point of acceleration to the speed limit which is why it was unnecessary to slow down for the curve after the first speed bump. There is nothing in the Declaration that states that the bus driver took the first speed bump at an inappropriate speed and nothing that establishes that any testimony in her deposition about speed related to the first speed bump and not the second speed bump. There is nothing in the declaration that indicates that the speed at which the driver took the first speed bump was a cause of her injuries.

(Internal citations to record omitted.)

Ms. Lundell initially argues that the latter portion of the trial court's order incorrectly addressed the "first speed bump." Defendants contend that it is immaterial over which speed bump the incident occurred because Defendants did not breach any duty of care. We disagree with Defendants' position. As evinced by the Declaration, Ms. Lundell claims that the speed bump in question is not the first speed bump on the bus route. Rather, the speed bump relative to her fall allegedly was located on Cassell Drive, which was a point beyond the first speed bump, the significance of which was demonstrated by the photographs attached to the Declaration and memorandum opposing summary judgment. These depict that the Cassell Drive speed bump was immediately preceded by a hill and did not have an associated advisory speed limit. Conversely, the speed bump that Ms. Lundell originally identified was located on a flat road and manifested an advisory speed limit of twenty miles per hour.

Defendants argue that the Declaration fails to address Ms. Lundell's allegation that the driver of the bus breached his duty of care by travelling at a high rate of speed. Specifically, Defendants cite to the portion of Ms. Lundell's deposition wherein Ms. Lundell stated that Mr. Nicely was "doing the speed limit." However, because it was not until after her deposition that Ms. Lundell identified the Cassell Drive speed bump, it is not clear which speed bump Ms. Lundell was referring to in her deposition when testifying as to the speed limit. Ms. Lundell did testify that at the time of her injuries, Mr. Nicely traversed a speed bump in a manner that caused the children to "pop[] up" out of their seats. Thus, Defendants' argument in this regard is unavailing inasmuch as the record evinces that a genuine issue of material fact exists.

As our Supreme Court has explained with regard to the duty of reasonable care:

> Although not a part of the early English common law, the concept of duty has become an essential element in all negligence claims. *McCall* [*v. Wilder*]*,* 913 S.W.2d [150,] 153 [(Tenn. 1995)]; *Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn. 1993); *see also* W. Page Keeton, *Prosser & Keeton on the Law of Torts* § 53 (5th ed. 1984). The duty owed to the plaintiffs by the defendant is in all cases that of reasonable care under all of the circumstances. *Doe v. Linder Const. Co.,* 845 S.W.2d 173, 177 (Tenn. 1992). Whether the defendant owed the plaintiffs a duty of care is a question of law to be determined by the court. *Burroughs v. Magee,* 118 S.W.3d 323, 327 (Tenn. 2003); *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89; *Coln* [*v. City of Savannah*]*,* 966 S.W.2d [34,] 39 [(Tenn. 1998)].

> If a defendant fails to exercise reasonable care under the circumstances, then he or she has breached his or her duty to the plaintiffs. The term reasonable care must be given meaning in relation to the circumstances. *Linder Const. Co.,* 845 S.W.2d at 178; *McCormick v. Waters,* 594 S.W.2d 385, 387 (Tenn. 1980). Reasonable care is to be determined by

the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury. *Linder Const. Co.,* 845 S.W.2d at 178. Thus, legal duty has been defined as the legal obligation owed by a defendant to a plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm. *Burroughs,* 118 S.W.3d at 329; *Staples,* 15 S.W.3d at 89; *McCall,* 913 S.W.2d at 153; *see also* Keeton, *supra,* § 53.

*West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550-51 (Tenn. 2005).

Our review of the record reveals that Ms. Lundell testified during her deposition that she had ridden previously as a bus aide on this particular bus route over one hundred times. Ms. Lundell further testified that Mr. Nicely was the only bus driver who had not slowed down for a speed bump and that this was the only instance she had witnessed when a driver did not slow down for the speed bump. She stated, "Ms. Hubbs and every other bus driver slowed down over the speed bumps. Every single one of them. . . . And he [Mr. Nicely] did not." These facts combine to establish a genuine issue of a material fact regarding Defendants' breach of duty of care such that summary judgment in favor of Defendants is not proper.

As previously noted, the trial court's decision to grant summary judgment in favor of Defendants was predicated in part on its determination not to consider the Declaration. By considering the Declaration, we further determine that the evidence in the record, including the Declaration, tends to establish a genuine issue of material fact concerning Defendants' breach of duty of care that could lead a rational trier of fact to find in favor of Ms. Lundell. *See TWB Architects, Inc.*, 578 S.W.3d at 889.

As an alternative and additional basis for ruling in favor of Defendants' motion for summary judgment, the trial court determined that Ms. Lundell's "fault is equal to or greater than the fault of the Defendant." In Tennessee, "comparative fault is an affirmative defense in which an alleged tortfeasor asserts 'that a portion of the fault for the plaintiff's damages should be allocated to another tortfeasor.'" *Ellington v. Jackson Bowling & Family Fun Ctr., L.L.C.*, No. W2012-00272-COA-R3-CV, 2013 WL 614502, at *10 (Tenn. Ct. App. Feb. 19, 2013) (quoting *Banks v. Elks Club Pride of Tenn. 1102,* 301 S.W.3d 214, 220 (Tenn. 2010)). Although comparative fault "can under some circumstances be the basis for a grant of summary judgment, 'comparative fault is typically a question for the trier of fact. . . .'" *Ellington*, 2013 WL 614502, at *10 (quoting *Norris v. Pruitte,* No. 01A01-9709-CV–00506, 1998 WL 1988563, at *3 (Tenn. Ct. App. Aug. 24, 1998)).

We also note the infrequency of a trial court's determination of comparative fault at the summary judgment stage of the proceedings. *See LaRue v. 1817 Lake Inc.*, 966 S.W.2d 423, 427 (Tenn. Ct App. 1997) (noting that "comparative fault is a question of fact within the jury's province, which should not lightly be invaded by the trial court"); *Halmon v.*

*Lane Coll.*, No. W2019-01224-COA-R3-CV, 2020 WL 2790455, at *6 (Tenn. Ct. App. Feb. 19, 2013) ("To the extent that the trial court concluded at summary judgment that no duty of care existed on the part of [the defendant] toward [the plaintiff], we are of the opinion that it erred."); *Henley v. Amacher*, No. M1999-02799-COA-R3-CV, 2002 WL 100402, at *6 (Tenn. Ct. App. Jan. 28, 2002) ("The task of comparing and allocating fault may be taken from the jury only when it can be determined beyond question (or alternatively, when reasonable minds cannot differ) that the plaintiff's fault is equal to or greater than the defendant's.").

Having carefully reviewed the record, we determine that a genuine issue of material fact exists as to an allocation of comparative fault. Ergo, we conclude that the trial court erred by granting summary judgment on this basis as well. We therefore reverse the trial court's grant of summary judgment in favor of Defendants and remand for further proceedings.

## VIII. Conclusion

For the foregoing reasons, we reverse the trial court's grant of summary judgment in favor of Defendants and the trial court's finding that the Declaration should not be considered. We affirm the trial court's denial of Ms. Lundell's "Motion to Deem Requests for Admissions Admitted." We remand to the trial court for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellees, Lois Hubbs, Lois Hubbs Bus Lines, and Calvin Nicely.

_____
THOMAS R. FRIERSON, II, JUDGE